UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JESSE W. CARROLL,

       Plaintiff,                            Case No. 2:09-cv-385
                                             JUDGE GREGORY L. FROST
      v.                                         Magistrate Judge E.A. Preston Deavers

ROBERT M. GATES,

       Defendant.

**OPINION AND ORDER**

This matter is before the Court on Defendant's Motion for Summary Judgment (Doc. # 29), Plaintiff Jesse W. Carroll's Memorandum in Opposition to Defendant's Motion for Summary Judgment (Doc. # 30), and Defendant's Reply to Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment (Doc. # 32). For the reasons that follow, the Court **GRANTS** Defendant's motion.

**I.  Background**

Plaintiff has been employed by the Department of Defense ("DOD"), Defense Finance and Accounting Service for approximately 23 years. In 2002, Plaintiff was employed as a supervisory accounting technician. Plaintiff's first line supervisor was Dennis Rowley and his second line supervisor, *i.e.*, Rowley's supervisor, was Rebecca Beck. In his supervisory position, Plaintiff initially supervised eight individuals and eventually supervised twelve individuals.

On July 30, 2007, Plaintiff was removed from his supervisory position and was reassigned to an accounting technician position. Plaintiff's pay and grade were not changed.

1

Defendant's stated reason for reassigning Plaintiff was that he performed poorly as a supervisor.

Plaintiff filed this action against the Secretary of the Department of Defense, Robert M. Gates, alleging that his reassignment to a non-supervisory position was not performance related and was instead based upon illegal discrimination and retaliation.

## II. Standard

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). The Court may therefore grant a motion for summary judgment if the nonmoving party who has the burden of proof at trial fails to make a showing sufficient to establish the existence of an element that is essential to that party's case. *See Muncie Power Prods., Inc. v. United Techs. Auto., Inc.*, 328 F.3d 870, 873 (6th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions" of the record which demonstrate "the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323. The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting Fed. R. Civ. P. 56(e)). "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255 (citing *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Muncie Power Prods., Inc.*, 328 F.3d at 873 (quoting *Anderson*, 477 U.S. at 248). *See also Matsushita*

*Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (the requirement that a dispute be "genuine" means that there must be more than "some metaphysical doubt as to the material facts" ). Consequently, the central issue is " 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' " *Hamad v. Woodcrest Condo. Ass'n*, 328 F.3d 224, 234-35 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 251-52).

### III. Discussion

Plaintiff is an African American male who was 41 years old at the time he was reassigned to a non-supervisory position. Plaintiff alleges that his reassignment was discriminatory because it was based upon his race, his gender, and his age. Plaintiff further claims that the reassignment was in retaliation for previously engaging in protected activities. Plaintiff filed this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* ("ADEA").

**A. Race and Gender Discrimination**

Title VII prohibits an employer from discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a)(1). To establish a Title VII employment discrimination claim, a plaintiff is "required to either 'present direct evidence of discrimination or introduce circumstantial evidence that would allow an inference of discriminatory treatment.' " *Id.* at 272-73 (citing *Johnson v. Kroger Co.*, 319 F.3d 858, 864-65 (6th Cir. 2003)). Where, as here, the plaintiff fails to present direct evidence of

discrimination, the burden shifting framework first articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and refined by *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248 (1981), applies. *Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 572 (6th Cir. 2000). Under that paradigm, a plaintiff must first present a *prima facie* case of discrimination. *Id.* "Once the *prima facie* case is made, a defendant may offer any legitimate, non-discriminatory reason for the employment action, which the plaintiff may rebut by evidence of pretext; however, the burden of proof always remains with the plaintiff." *Hartsel v. Keys*, 87 F.3d 795, 800 (6th Cir. 1996) (citing *St. Mary's Honor Center v. Hicks*, 509 U.S. 502 (1993)).

Defendant argues that he is entitled to summary judgment on Plaintiff's discrimination claims because Plaintiff has failed to establish a *prima facie* case of discrimination. Defendant further claims that even if Plaintiff were able to set forth a *prima facie* case, Defendant has articulated a legitimate, nondiscriminatory reason for taking the action, which Plaintiff cannot show to be pretextual.

**1. *Prima facie* case**

"To establish a *prima facie* case of discrimination by the defendant, 'the plaintiff must show (1) that he is a member of a protected group, (2) that he was subject to an adverse employment decision, (3) that he was qualified for the position, and (4) that he was replaced by a person outside of the protected class. . . . the fourth element may also be satisfied by showing that similarly situated non-protected employees were treated more favorably.' " *Clayton v. Meijer, Inc.*, 281 F.3d 605, 610 (quoting *Talley v. Bravo Pitino Rest., Ltd.*, 61 F.3d 1241, 1246 (6th Cir. 1995)) (alteration in original). "In adapting the test to cases of reverse discrimination, the Sixth Circuit has held that, under the first prong, plaintiff must demonstrate 'background

4

circumstances [to] support the suspicion that the defendant is that unusual employer who discriminates against the majority.' " *Zambetti v. Cuyahoga Cmty. College*, 314 F.3d 249, 255 (6th Cir. 2002) (citations omitted).  The parties here dispute whether Plaintiff was subjected to a materially adverse employment action and whether Plaintiff has shown any background circumstances to support the suspicion that Defendant is the unusual employer who discriminates against the majority, *i.e.*, against males.

"An adverse employment action is a 'materially adverse change in the terms or conditions of . . . employment because of [the] employer's conduct.' " *Policastro v. Northwest Airlines, Inc.*, 297 F.3d 535, 539 (6th Cir. 2002) (citing *Kocsis v. Multi-Care Mgmt., Inc.*, 97 F.3d 876, 885 (6th Cir. 1996)) (alteration in original).  "[A] change in employment conditions 'must be more disruptive than a mere inconvenience or an alteration of job responsibilities.' " *Kocsis*, 97 F.3d at 886 (citation omitted).  A materially adverse change might be indicated by a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation.  *Kocsis*, 97 F.3d at 886.

Defendant argues that Plaintiff's reassignment does not constitute a materially adverse employment action because Plaintiff neither suffered economic harm nor did he present evidence of lost prestige.  Defendant claims that Plaintiff's reassignment was nothing more than a mere title change.  Defendant contends:

> In *Kocsis*, the Sixth Circuit considered the existence of an adverse employment action where the plaintiff was reassigned from the position of "nursing supervisor" to "unit RN," diminishing her supervisory role. *Id.* at 881.  Because the plaintiff "enjoyed the same (or a greater) rate of pay and benefits . . .[and] her duties were not materially modified," and she "submitted no evidence that she lost any prestige in her position because of her working conditions or her title change," the

5

>court concluded that the plaintiff "has not suffered a materially adverse employment action." *Id.* at 886-87. *See also Handshoe v. Mercy Medical Center*, 34 F. App'x 441, 446-47 (6th Cir.2002) (finding no adverse employment action where reassigned plaintiff "presented no evidence that her position was qualitatively changed"); *Hopkins v. Electronic Data Systems Corp.*, 196 F.3d 655, 662 (6th Cir. 1999) (finding that because plaintiff could not "establish that he suffered any materially significant disadvantage by reason of his transfer, he cannot rely on that transfer to establish a *prima facie* case of discrimination").

(Doc. # 29 at 10-11.) Defendant's argument is not well taken.

The three cases relied upon by Defendant are easily distinguished. In *Kocsis*, the court found that the material responsibilities of the employee were not significantly diminished. The same is true of the plaintiff in *Handshoe*. There, the court found that, while the plaintiff was transferred from a supervisory to a non-supervisory position, the plaintiff's material responsibilities were not qualitatively different because even when he was in the supervisory position he did not have any actual supervisory power over subordinates. That is, the position was supervisory only in title. Finally, in *Hopkins* the court also found that the plaintiff's material responsibilities were not significantly diminished even though he supervised fewer people, because both positions were considered to be senior level management positions and were supervisory positions. *Hopkins*, 196 F.3d at 662.

Here, the Court concludes that, even considering that Plaintiff's pay and pay grade were not lowered, a reasonable jury could conclude that the total loss of supervisory responsibility over twelve subordinates could indicate a significant diminution of responsibility and prestige, thereby constituting an adverse employment action. *See Hollins v. Atlantic Co.*, 188 F.3d 652, 662 (6th Cir. 1999) ("materially adverse change might be indicated by . . . significantly diminished material responsibilities") (citing *Kocsis*, 97 F.3d 886).

With regard to Plaintiff's reverse discrimination *prima facie* case, the Court finds it

unnecessary to address whether Plaintiff has established the first prong by demonstrating "background circumstances [to] support the suspicion that the defendant is that unusual employer who discriminates against the majority." *Zambetti*, 314 F.3d at 255. That is because, even if Plaintiff were able to establish that prong of his *prima facie* case, it would not change the Court's conclusion related to the remainder of the *McDonnell Douglas* burden shifting analysis, which requires this Court to grant Defendant summary judgment on Plaintiff's Title VII discrimination claims.

### 2. Legitimate non-discriminatory reason and pretext

Because Plaintiff has raised a genuine issue of material fact as to whether he suffered an adverse employment action, the burden shifts to Defendant to articulate a legitimate, nondiscriminatory reason for taking the challenged employment action. *See McDonnell Douglas*, 411 U.S. at 802; *see also Hartsel*, 87 F.3d at 800 (6th Cir. 1996) ("It is important to note that the defendant need not prove a nondiscriminatory reason for not promoting Hartsel, but need merely articulate a valid rationale.") (citing *Hicks*, 509 U.S. at 514). Here, Defendant contends that Plaintiff was moved to a non-supervisory position because he performed poorly as a supervisor. "Poor performance is a legitimate nondiscriminatory reason" for removing an individual from an employment position. *Stockman v. Oakcrest Dental Ctr., P.C.*, 480 F.3d 791, 802 (6th Cir. 2007 (citing *Majewski v. Automatic Data Processing, Inc.*, 274 F.3d 1106, 1116 (6th Cir. 2001)).

Because Defendant has met his burden of articulating a legitimate, nondiscriminatory reason for removing Plaintiff from his supervisory position, the burden now shifts to Plaintiff to demonstrate that the proffered reason was not the true reason for his discipline but was instead a

pretext for unlawful discrimination. *Burdine*, 450 U.S. at 255; *Manzer v. Diamond Shamrock Chems. Co.*, 29 F.3d 1078, 1082 (6th Cir. 1994). To raise a genuine issue of material fact on the credibility of Defendant's explanation for Plaintiff's job transfer, Plaintiff "is 'required to show by a preponderance of the evidence either (1) that the proffered reasons had no basis *in fact*, (2) that the proffered reasons did not *actually* motivate his [reassignment], or (3) that they were *insufficient* to motivate [his reassignment].' " *Manzer*, 29 F.3d at 1084 (emphases in original and citation omitted). "To carry h[is] burden in opposing summary judgment, [Plaintiff] must produce sufficient evidence from which a jury could reasonably reject [Defendant]'s explanation of why it [reassigned him]." *Chen v. Dow Chem. Co.*, 580 F.3d 394, 400 (6th Cir. 2009 (citing *Mickey v. Zeidler Tool and Die Co.*, 516 F.3d 516, 526 (6th Cir. 2008) (quoting *Braithwaite v. Timken Co.*, 258 F.3d 488, 493-94 (6th Cir.2001)).

Plaintiff addresses only the first *Manzer* prong–that Defendant's proffered reasons for removing him from a supervisory position were false. As to that prong, "Plaintiff is required to show 'more than a dispute over the facts upon which the [adverse employment action] was based.' " *Abdulnour v. Campbell Soup Supply Co.*, LLC, 502 F.3d 496, 502 (6th Cir. 2007) (quoting *Braithwaite v. The Timken Co.*, 258 F.3d 488, 494 (6th Cir. 2001)). "Plaintiff must put forth evidence that Defendant[] did not 'honestly believe' in the given reason for Plaintiff's termination." *Id.* (citing Braithwaite, 258 F.3d at 494). To satisfy that burden, Plaintiff states:

> Plaintiff submits that a jury may reasonably infer that the Defendant did not honestly believe its (*sic*) articulated reason for reassigning Plaintiff. Defendant has continuously maintained that no disciplinary action was taken against the Plaintiff yet they (*sic*) investigated him, interviewed his employees and consulted with Defendant's Human Resources Department. Beck also testified that the evidence they accumulated could have supported disciplinary action. They also refused to share evidence of complaints with Plaintiff, refused to use the progressive discipline system, including warnings and performance improvement plans, to address alleged

> performance problems, failed to make contemporaneous written records to document their actions, and refused to hear Plaintiff's responses to the complaints before making their decision to remove Plaintiff. By using the "management directed reassignment" approach, Defendant could remove Plaintiff from his supervisor's position without having to document or prove a basis for a disciplinary removal. Plaintiff's supervisors' demonstrated propensity to lie about the reason for his removal casts doubt on the credibility of Defendant's proffered reasons for Plaintiff's removal and permits the jury to infer that illegal discrimination was the real reason for his reassignment/demotion.

(Doc. # 30 at 9.) Plaintiff's arguments, however, miss the mark.

Initially, the Court notes that there is no evidence before the Court that indicates Plaintiff's supervisors have "demonstrated [a] propensity to lie" about the reason for Plaintiff's removal from his supervisory position.

Next, for this Court to determine whether Defendant had an "honest belief" in the proffered basis for reassigning Plaintiff, the Court must examine whether Defendant established a "reasonable reliance" on the particularized facts available to it in disciplining Plaintiff. *Abdulnour*, 502 F.3d at 502-03 (citing *Braithwaite*, 258 F.3d at 494). "The critical inquiry is whether Defendant[] made a 'reasonably informed and considered decision.' " *Id.* (quoting *Smith v. Chrysler Corp.*, 155 F.3d 799, 807 (6th Cir. 1998)).

Here, the evidence before the Court shows that in February 2007 Plaintiff was told by one of his subordinates that she had been complaining about Plaintiff to her union officials for some time. In that same month, Plaintiff's supervisors attended a meeting with the complaining subordinate and her union representative. On that same day, the supervisors were informed of three other pending grievances against Plaintiff filed by three other individuals supervised by Plaintiff. That same month Rowley, Plaintiff's first line supervisor, had a discussion with Plaintiff regarding soliciting employees to purchase a juice product from his personal business.

9

On May 10, 2007, Plaintiff and his supervisors were informed by labor relations that one of Plaintiff's subordinates was prepared to file a formal harassment complaint against Plaintiff. Also, in May 2007, Plaintiff was given a verbal warning for improper use of email to critique his subordinates.  In June 2007, Plaintiff was again reprimanded for inappropriate critique of his subordinates by email.  Finally, Plaintiff's annual formal performance review for the period May 1, 2006 through May 1, 2007, indicated that Plaintiff was intimidating when interacting with his subordinates, both in writing and in person, that he had "been mentored on his people skills," and that he needed to "develop a softer more compassionate approach in the office."  (Doc. # 28-2 at 2.)  Plaintiff's supervisor testified that on a daily basis Plaintiff's subordinates were upset or crying because of Plaintiff's interaction with them.

Plaintiff sets forth no evidence that his subordinates were not regularly upset with him or that these grievances, complaints, and reprimands did not happen.  Plaintiff merely argues that he should have been disciplined and removed from his supervisory position in a different way than the way in which he was removed.  That argument, however, does nothing to call Defendant's honest belief into question, and fails to create a genuine issue of material fact.  *See Majewski*, 274 F.3d at 1117.  The Court concludes that Defendant made an informed and considered decision to remove Plaintiff from his supervisory position, reasonably relying on the numerous particularized facts that were available and that Plaintiff failed to raise a genuine issue of material fact as to whether Defendant's decision was pretextual.

### 3.  Conclusion Title VII

Based on the foregoing, the Court **GRANTS** Defendant's Motion for Summary Judgment on Plaintiff's Title VII discrimination claims.

**B. Age Discrimination**

Under the ADEA, an employer is prohibited from discriminating against older employees on the basis of their age. 29 U.S.C. § 623(a). "An employee may establish a claim under the ADEA by offering either direct or circumstantial evidence of age discrimination." *Wexler v. White's Fine Furniture*, 317 F.3d 564, 570 (6th Cir. 2003) (citing *Kline v. Tenn. Valley Auth.*, 128 F.3d 337, 348 (6th Cir. 1997)). In his memorandum in opposition to Defendant's Motion for Summary Judgment, Plaintiff concedes that he cannot establish a *prima facie* case of age discrimination. Plaintiff instead argues that he has raised a genuine issue of material fact as to whether he possesses direct evidence of age discrimination.

"Direct evidence of discrimination is 'that evidence which, if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions.' " *Id.* (citing *Jacklyn v. Schering-Plough Healthcare Prods. Sales Corp.*, 176 F.3d 921, 926 (6th Cir. 1999)). Where a plaintiff "succeeds in presenting direct evidence of a discriminatory motive, 'the burden [of production and persuasion] shifts to the employer to prove by a preponderance of the evidence that it would have made the same decision absent the impermissible motive.' " *Minadeo v. ICI Paints*, 398 F.3d 751, 763 (6th Cir. 2005) (citing *DiCarlo v. Potter*, 358 F.3d 408, 415 (6th Cir. 2004) which quoted *Weigel v. Baptist Hosp. of E. Tenn.*, 302 F.3d 367, 382 (6th Cir. 2002)).

Plaintiff argues that he possesses direct evidence of age discrimination because:

> [Plaintiff] testified that Dennis Rowley and Rebecca Beck both made ageist statements in connection with his removal from the supervisor's position. Rowley asked Plaintiff how old he was and commented that he was still young enough to start all over again. Beck also told Plaintiff that it would be better for him if he would do something other than supervise employees and that younger and smarter supervisors were needed.

(Doc. # 30 at 6) (internal citations omitted).

Initially, the Court notes that one of the comments refers to Plaintiff's relative youth. That is, Plaintiff asks the Court to infer that his supervisors were, at least in part, motivated to reassign him because he was young enough to start his career all over again. The ADEA, however, does not protect against discrimination based upon relative youth. The Supreme Court has stated that it "is beyond reasonable doubt that the ADEA was concerned to protect a relatively old worker from discrimination that works to the advantage of the relatively young." *General Dynamics Land Systems v. Cline*, 540 U.S. 581, 590-91 (2004). Even where the allegedly aggrieved party is a member of the protected class, "the statute does not mean to stop an employer from favoring an older employee over a younger one." *Id.* at 600.

With regard to the remaining comment, that younger and smarter supervisors were needed, the Court accepts as true Plaintiff's testimony that the statement was made even though Beck testified that she did not make the statement. *See Liberty Lobby, Inc.*, 477 U.S. at 255 ("[t]he evidence of the nonmovant is to be believed"). As to the impact of the statement, the Sixth Circuit explains:

> In *Cooley v. Carmike Cinemas, Inc.*, 25 F.3d 1325 (6th Cir. 1994), we held that in age discrimination cases, statements allegedly showing an employer's age bias are to be evaluated by considering four factors: (1) whether the statements were made by a decision-maker or by an agent within the scope of his employment; (2) whether the statements were related to the decision-making process; (3) whether the statements were more than merely vague, ambiguous or isolated remarks; and (4) whether they were made proximate in time to the act of termination. 25 F.3d at 1330. None of these factors is individually dispositive of age discrimination, but rather, they must be evaluated as a whole, taking all of the circumstances into account. *Id.*

*Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 477-78 (6th Cir. 2002) (finding no direct evidence because "[t]he record does not evidence any remarks being directed at Peters that would be

12

related to Lincoln's decision-making process in terminating Peters as the Corporate Controller").

Although neither party address these factors at all, a brief examination of Beck's statement in relation to these factors reveals that this comment is insufficient to require the conclusion that unlawful discrimination was at least a motivating factor in Plaintiff's reassignment.

First, although Beck was Plaintiff's second line supervisor, she was not involved in the decision to reassign Plaintiff. While Plaintiff believed the decision to reassign him was made by Rowley and Beck, he admits that he only based his belief on the testimony presented by Rowley and Beck at their depositions. However, Rowley and Beck both testified that the decision was made by Rowley alone and that it was Rowley who contacted human resources requesting to reassign Plaintiff under the conditions he was reassigned. Both DOD management, DOD's Employee Relations Specialist, and the Human Resource Specialist from whom Rowley sought advice on the management directed reassignment agreed that Rowley followed all appropriate regulatory guidelines and directives with respect to Plaintiff's removal from a supervisory position and did so under DOD human resources headquarter's guidance. After Rowley made the decision, he presented his plan to Beck to reassign Plaintiff and Beck agreed with his decision. Consequently, although Beck was a supervisor, there is no evidence to suggest that Beck was the decision maker with regard to the decision to reassign Plaintiff. *See Skelton v. Sara Lee Corp.*, 249 F. App'x 450, 455 (6th Cir. 2007) ("Therefore, although Gibson, as a general matter, may have been a 'decision-maker' in his position as a supervisor for Defendant, Skelton presents absolutely no evidence to suggest that Gibson was a decision-maker with regard to the decision to terminate Skelton's position.")

Likewise, with regard to factors two and three, there is no evidence that Beck's statement was in any way related to Defendant's decision-making process in reassigning Plaintiff. *Id.* ("there is no evidence that Gibson's statement was in any way related to Defendant's decision-making process in terminating Skelton"). "It is therefore reasonable to conclude that [Beck]'s statement was an isolated and irrelevant remark that had no influence on the termination decision." *Id.* (citing *Phelps v. Yale Sec., Inc.*, 986 F.2d 1020, 1025 (6th Cir. 1993) ("[I]solated and ambiguous comments are too abstract, in addition to being irrelevant and prejudicial, to support a finding of age discrimination.") (citation and quotation marks omitted)).

Finally, Rowley's decision to reassign Plaintiff was made near the time that Beck made the statement to Plaintiff, *i.e.*, she made the statement to Plaintiff the day after he was reassigned. Temporal proximity alone is not enough to swing the factors related to the comment in favor of establishing direct evidence of age discrimination. *See Skelton*, 249 F. App'x at 456.

The Court finds that three of the four factors articulated in *Cooley* weigh in Defendant's favor. Thus, the Court concludes that the one comment offered by Plaintiff as direct evidence of age discrimination does not require the conclusion that unlawful discrimination was at least a motivating factor in Defendant's decision to reassign him. Accordingly, the Court **GRANTS** Defendant's Motion for Summary Judgment on Plaintiff's age discrimination claim.

**C. Retaliation**

Plaintiff alleges that he was reassigned on July 30, 2007 in retaliation for filing an Equal Employment Occupation Commission complaint in 2004 and because he was disciplined in 2001. Plaintiff does not allege any direct evidence of retaliation, thus he must rely upon the *McDonnell Douglas* burden shifting framework to create an inference of retaliation. *See McDonnell Douglas*

*Corp.*, 411 U.S. 792; *see also Burdine*, 450 U.S. 248.  Under this burden shifting analysis, Plaintiff must first establish a *prima facie* case of retaliation by showing that: (1) he engaged in activity protected by Title VII; (2) this exercise of protected rights was known to Defendant; (3) Defendant thereafter took adverse employment action against Plaintiff, or Plaintiff was subjected to severe or pervasive retaliatory harassment by a supervisor; and (4) there was a causal connection between the protected activity and the adverse employment action or harassment. *Morris v. Oldham Cnty. Fiscal Court*, 201 F.3d 784, 792 (6th Cir. 2000).

If Plaintiff establishes a *prima facie* case, the burden of production of evidence shifts to Defendant to articulate some legitimate, nonretaliatory reason for its actions.  *Id.* at 792-93 (citing *McDonnell Douglas Corp.*, 411 U.S. at 802).  "[Plaintiff], who bears the burden of persuasion throughout the entire process, then must demonstrate 'that the proffered reason was not the true reason for the employment decision.' "  *Id.* at 793 (citing *Burdine*, 450 U.S. at 256).

In the instant action, Defendant argues that Plaintiff cannot establish a *prima facie* case of retaliation because he cannot show that there was a causal connection between the protected activity and the adverse employment action, which occurred at lest three years apart.  *See Parnell v. West*, 1997 U.S. App. LEXIS 12023, No. 95-2131, 1997 WL 271751, at *3 (6th Cir. May 21, 1997) (*per curiam*) (collecting cases in footnote one and stating that "previous cases that have permitted a *prima facie* case to be made based on the proximity of time have all been short periods of time, usually less than six months").  Defendant further argues that, even if Plaintiff could set forth a *prima facie* case of retaliation, Defendant has articulated a legitimate nonretaliatory reason for the reassignment that Plaintiff cannot show to be a pretext.  Defendant's arguments are well taken.

15

As the Court explained *supra*, Defendant indicated that it reassigned Plaintiff for poor performance and Plaintiff has failed to show that Defendant's reason is a pretext for illegal behavior.  That same analysis applies here.  Thus, even if Plaintiff could establish his *prima facie* case, Defendant would still be entitled to judgment as a matter of law.

Accordingly, the Court **GRANTS** Defendant's Motion for Summary Judgment as it relates to Plaintiff's retaliation claim.

### IV.  Conclusion

For the reasons set forth above, the Court **GRANTS** Defendant's Motion for Summary Judgment.  (Doc. # 29.)  The Clerk is **DIRECTED** to **ENTER JUDGMENT** in accordance with this Opinion and Order.

**IT IS SO ORDERED.**

> **/s/ Gregory L. Frost**
> **GREGORY L. FROST**
> **UNITED STATES DISTRICT JUDGE**